TITLE GUARANTEE AND TRUST COMPANY, as Trustee, etc., Appellant, v. WINKLERS CATERING CORP. and Others, Defendants. MOSES L. PARSHELSKY, Defendant, Respondent; LOUIS MCCARTY, Receiver, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

JOHN TRABISCO and Others, Respondents, v. THE CITY OF NEW YORK and STATEN ISLAND EDISON COMPANY, Appellants.— Motion of appellant Staten Island Edison Company for reargument and cross-motion of respondents to strike from the calendar the motion of said appellant referred to the court that rendered the decision on the appeal. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ. [No. 468.] Motion for reargument granted and on reargument the decision of this court handed down December 16, 1938 [255 App. Div. 999], is amended to read as follows: A five-passenger automobile, in which eight persons were riding, left the paved highway and struck a power line pole. Five of the occupants of the car bring this action to recover for personal injuries. One of the occupants was killed and the administrator sues to recover for death by alleged wrongful act. The automobile approached a sharp turn in the road at a speed of twenty to twenty-five miles an hour. The pavement was eighteen feet wide. A six-inch cobblestone binder lined the edge of the road. Beyond that there was a dirt surface, on which there was a line of poles one and one-half to two feet from the edge of the roadway. The beginning of the turn in the roadway was marked with a warning sign and the poles were painted with black and white stripes. The pavement is divided by a painted white line in the center thereof, running around the turn. The vicinity is undeveloped, open country. The automobile in which plaintiffs were riding entered the turn in clear daylight, and an oncoming automobile was seen three or four feet over the center white line on the side of the roadway being traveled by plaintiffs' automobile. Plaintiffs' automobile pulled to the right to avoid the oncoming car, rode on the cobblestones at the edge of the pavement, which were said to be loose, proceeded for a short distance on the dirt shoulder, slowed down, but the driver made no attempt to apply his brakes. The dirt shoulder was more than four or five inches below the level of the pavement, and plaintiffs' driver attempted to bring the automobile back on the pavement, but the automobile struck the pole and was wrecked. The action is against the city of New York and the Staten Island Edison Company, the latter having erected the pole line with the city's permission. Judgment in favor of plaintiffs reversed on the law and the facts, with costs, and the complaints dismissed on the law, with costs. The proof does not establish the existence of an unreasonably dangerous condition nor a causal connection between the happening of the accident and a breach of duty by defendants or either of them. In any event the verdict is against the weight of the evidence. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs for reversal but dissents from the dismissal of the complaints and votes for a new trial on the ground that the verdicts are against the weight of the evidence as to both defendants. [No. 469.] In view of the determination in Motion No. 468, decided herewith, the motion of respondents is dismissed. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ. [Revd., 280 N. Y. 776.]